# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance Bradford, | No.   CV-24-00608-TUC-SHR |
| Petitioner, | |
| v. | **Order Adopting R&R** |
| Colette Peters, et al., | |
| Respondents. | |

On April 16, 2025, Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R") (Doc. 21) in which he recommended the Court deny Petitioner Lance Bradford's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Court has reviewed the record, including Petitioner's Objection (Doc. 23) and Respondents' Response (Doc. 25) and adopts Judge Ambri's R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

## I.   Standard of Review

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R.

2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

## II. Discussion

On December 20, 2024, Petitioner filed a petition pursuant to § 2241, requesting 99 days of First Step Act (FSA) credit for classes he had completed after surrendering to commence his sentence but before arriving at the Federal Correctional Institution (FCI) in Tucson, Arizona. (Doc. 1.) Magistrate Judge Ambri subsequently issued an R&R concluding Petitioner had failed to show the courses at issue qualify him for FSA credits and recommending denial of Petitioner's petition on the merits. (Doc. 21.)

Petitioner filed an objection challenging the R&R's finding that he had failed to show the programming he completed before arriving at FCI Tucson qualifies him for FSA credits.[1] (Doc. 23.) Petitioner asserts, as he did in his reply in support of his Petition (*see* Doc. 16 at 5–6), the programming he completed is the equivalent of, or at least comparable to, "evidence-based recidivism reduction" (EBRR) programming or "productive activities" (PAs) and should therefore qualify as such for purposes of earning FSA credits. *See* 18 U.S.C. § 3632(d)(4)(A)(i) (authorizing application of time credits in exchange for "successful participation in [EBRR] programming or productive activities"); 18 U.S.C. § 3635(3) (defining EBRR programming as an activity that (A) "has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism" and (B) "is designed to help prisoners succeed in their communities upon release from prison"; § 3635(5) (defining productive activity as an activity "designed to allow prisoners determined as having a minimum or low risk of

---

[1] Although Petitioner also objects to the R&R on two other bases—its failure to "conduct . . . legal analysis" as to the starting point for an inmate's eligibility to earn FSA credits and its finding Petitioner failed to explain why he is entitled to 99 days of credit— the Court need not address these objections. Indeed, resolving these objections in Petitioner's favor would not change the Court's conclusion that the programming Petitioner participated in prior to his arrival at FCI Tucson does not count toward his FSA credits.

recidivating to remain productive and thereby maintain a minimum or low risk of recidivating"); *see also* § 3632(a)(3) (requiring Attorney General to develop a system to "determine the type and amount of evidence-based recidivism reduction programming . . . appropriate for each prisoner and assign each prisoner to such programming accordingly . . . based on the prisoner's specific criminogenic needs").

Having conducted a de novo review, the Court concludes Magistrate Judge Ambri thoroughly and correctly analyzed the issues involved in the instant Petition. Because the Court will adopt the recommendations set forth in the R&R, as well as the reasoning behind those recommendations, it will not further restate the issues and their resolution. Petitioner presents a straightforward matter regarding application of time credits under the FSA. As Judge Ambri correctly concluded, Petitioner fails to establish the courses he completed before arriving at FCI Tucson qualify him for FSA credits. *See Butler v. Bradley*, No. CV 20-11211 DMG, 2021 WL 945252, at *4 (C.D. Cal. Feb. 22, 2021) ("If an inmate could accrue FSA credits by participating in any type of recidivism-reduction program or activity, the statutory language instructing the BOP to establish and implement an individualized risk and needs assessment system, 18 U.S.C. § 3632(a), (b), would be superfluous."), *report and recommendation adopted*, 2021 WL 5596151 (C.D. Cal. Nov. 30, 2021). To the extent Petitioner requests leave to subpoena the course descriptions "so the Court can determine that these classes are in fact equivalent and meet the requirements of the statute," Petitioner's request is denied.

### III.  Conclusion

**IT IS ORDERED** Magistrate Judge Ambri's R&R (Doc. 21) is **adopted** in its entirety.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this matter is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** Petitioner's Motion to Expedite Ruling (Doc. 18) is **denied as moot**.

**IT IS FURTHER ORDERED** the Clerk of Court shall terminate Petitioner's

incorrectly filed Motion to Expedite Ruling (Doc. 17).

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 2nd day of July, 2025.

Honorable Scott H. Rash
United States District Judge